IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 2:10-CR-741-DCN |
| vs. ) | |
| ) | **SENTENCING ORDER** |
| RICHARD DEEN RODERICK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On January 4, 2011, defendant pled guilty to Count 1 of the indictment, possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On July 18, 2011, although the recommended advisory guideline sentence was 120 months in prison, the undersigned varied downward and sentenced defendant to 48 months in prison, supervised release for a term of life, and a $100 special assessment. The court has recommended to the Bureau of Prisons that defendant be imprisoned at the facility closest to his home, preferably Williamsburg, South Carolina, and that he participate in the Sex Offender Treatment Program while incarcerated. The terms of his supervised release are detailed in defendant's Judgment in a Criminal Case, Form AO 245B.

During the hearing on July 18, 2011, the court did not state its reasons for the sentence imposed pursuant to 18 U.S.C. § 3553(c); therefore, the court files this written order for that purpose. The court considered all of the relevant factors under § 3553(a) prior to imposing the sentence in this case. Under subsection (a)(1), the court considered the nature and circumstances of the offense. Defendant pled guilty to the serious crime of possessing child pornography and admitted to downloading child pornography over the

1

extended period of approximately eight years. However, defendant has a steady employment history and a limited criminal history (one DUI in 1985). He has also been diagnosed with Major Depressive Disorder and Paraphilia Not Otherwise Specified (NOS) by a board certified psychiatrist.

The court finds the sentence imposed adequate "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; "to afford adequate deterrence," both general and specific, for the criminal conduct at issue; "to protect the public from further [exploitative] crimes of the defendant"; and "to provide the defendant with . . . other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). In addition, the court finds that the prescribed downward variance is necessary "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); see also United States v. Moore, No. 2:08-cr-00417-DCN, Judgment, ECF No. 42 (D.S.C. July 24, 2009) (sentencing defendant convicted of possession of child pornography to 42 months in prison when the advisory guideline range was the statutory maximum of 120 months in prison); United States v. Doublin, No. 2:08-cr-00698-DCN, Judgment, ECF No. 41 (D.S.C. Feb. 5, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the recommended advisory guideline range was 78-97 months in prison); United States v. Powers, No. 2:09-cr-00798-PMD, Judgment, ECF No. 41 (D.S.C. Mar. 24, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the advisory guideline range was the statutory maximum of 120 months in prison); United States v. Brown, No. 2:09-cr-

00453-PMD, Judgment, ECF No. 36 (D.S.C. Apr. 7, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the advisory guideline range was 97-120 months in prison); United States v. Wilson, No. 2:09-cr-00679-PMD, Judgment, ECF No. 71 (D.S.C. Nov. 5, 2010) (sentencing defendant convicted of possession of child pornography to 40 months in prison when the advisory guideline range was 78-97 months in prison); United States v. Cannon, No. 2:10-cr-00264-DCN, Judgment, ECF No. 35 (D.S.C. Mar. 29, 2011) (sentencing defendant convicted of possession of child pornography to 39 months in prison when the advisory guideline range was 78-97 months in prison); United States v. Stuart, No. 2:09-cr-01218-SB, Judgment, ECF No. 43 (D.S.C. Apr. 1, 2011) (sentencing defendant convicted of possession of child pornography to 54 months in prison when the advisory guideline range was the statutory maximum of 120 months in prison).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 25, 2011**
**Charleston, South Carolina**